# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 3–06-CV-1731-P |
| v. | ) ) | |
| ALLIEDBARTON SECURITY SERVICES, LLC | ) ) ) | |
| Defendant. | ) ) | |

## CONSENT DECREE

This Consent Decree is made and entered into between the Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), and the Defendant, AlliedBarton Security Services, LLC ("AlliedBarton" or "Defendant"), hereinafter collectively referred to as "the parties."

On September 22, 2006, the Equal Employment Opportunity Commission instituted a lawsuit in the United States District Court for the Northern District of Texas, Dallas Division, Civil Action Number 3-06-CV-1731-P, against Defendant, alleging that the Defendant violated Title VII of the Civil Rights Act of 1964 (Title VII) when it allegedly discriminated against Mr. Wilson Korir by subjecting him to disparate terms and conditions of employment, resulting in adverse employment actions and constructive discharge because of his national origin, African (Kenyan), and his accent. Defendant denies Mr. Korir was subjected to any form of discrimination on the basis of his national origin or accent.

The parties hereto desire to compromise and settle the differences embodied in the aforementioned lawsuit, and intend that the terms and conditions be set forth in this Consent Decree.

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and therefore, it is ORDERED, ADJUDGED AND DECREED that:

1.  This Consent Decree resolves all issues, including all like and related issues, raised in EEOC Charge Number 310-2005-02708.  This Decree further resolves all issues raised in the Complaint filed by the Commission in this civil action.

2.   Defendant agrees not to allow employees to be subjected to disparate terms and conditions of employment or other forms of discrimination based on accent or national origin.  To that end, the Defendant further agrees to take proactive steps to ensure a workplace free of discrimination against persons because of their accent, language or other characteristics of their national origin.

3.   Defendant agrees to post the Notice appended hereto as Attachment "A" on the employee bulletin board at its Dallas Regional Office within ten (10) days after the entry of this Consent Decree.  Defendant will report to the EEOC that it has complied with this requirement within thirty (30) days after posting the notice.  Defendant similarly agrees to allow placement of the Notice on the EEOC bulletin board at the Williams Square Building. These postings will remain in place at these locations for six (6) months.

4. Defendant agrees to include a notice in the "Read File" at all sites in the Dallas Region to remind employees that AlliedBarton is constantly reviewing and reinforcing policies against

discrimination in the workplace. This notice will inform employees that discrimination based on an individual's national origin, constitutes unacceptable conduct and will not be condoned.

5. AlliedBarton agrees to remove from its records any notations, remarks, and written disciplinary warnings which may be contained in Mr. Wilson Korir's personnel file if they relate in any way to the employment decisions or claims of discrimination which underlie the EEOC Charge filed by Mr. Korir. Further, AlliedBarton agrees to provide any employer or prospective employer a letter of reference for Mr. Korir. The reference will include the dates of employment, salary history and a statement that Mr. Korir left voluntarily. AlliedBarton will provide Mr. Korir a reference letter, which he may then use. (A copy of the letter is attached hereto as Attachment "B.") If a third party making an inquiry about Mr. Korir asks if AlliedBarton would consider him "eligible for rehire", the answer will be in the affirmative. All such inquiries should be directed to Vice President of Human Resources Deborah Brantley at (610) 239-1162.

6. Defendant agrees to conduct "Civil Treatment" training for all employees of Defendant's Dallas Regional Facility, advising them of the requirements and prohibitions of Title VII of the Civil Rights Act of 1964. The training will inform the employees of the various methods by which employees of AlliedBarton can complain and/or voice concerns about the workplace. The training will also include a specific discussion or instruction relating to accent and language-related national origin discrimination. The training shall be at least two (2) hours in duration and be provided to supervisory and non-supervisory personnel, who work with or have responsibility for the Security Officers. No less than ten (10) days before the training is conducted, Defendant agrees to give written notice to the EEOC as to the date and location of the

training, the name and qualifications of the person(s) providing the training and the substance of the training. All materials used in conjunction with the training shall be forwarded to the EEOC. The parties agree that the costs associated with this training will be approximately four thousand five hundred dollars ($4,500). Within ten (10) days following the training, Defendant shall submit to the EEOC confirmation that the training was conducted, and a list of attendees.

      7. Defendant agrees to pay Charging Party, Wilson Korir, the gross sum of eighteen thousand dollars ($18,000) in full and final settlement of the claims asserted in this dispute. Five thousand dollars ($5,000) of this amount shall be treated as wages under Title VII of the Civil Rights Act of 1964, as amended, and is thus subject to legal deductions and withholding. The remaining balance of thirteen thousand dollars ($13,000) shall be considered other damages under the Civil Rights Act of 1991, for which Mr. Korir will be personally responsible for payment of applicable taxes. In conjunction with the aforementioned payment, Mr. Korir shall provide AlliedBarton with a fully executed W-4. In conjunction with the thirteen thousand dollars ($13,000), Mr. Korir shall provide AlliedBarton with a fully executed Form W-9. Mr. Korir shall, at year end, receive a form W-2 and 1099 with regard to the above-noted payments. Payment shall be made by check payable to "Wilson Korir," and mailed to him at:

    Wilson Korir
    9448 Forest Lane, Apt. No. 105
    Dallas, Texas 75243

Payment shall be mailed within fourteen (14) days after entry of this Consent Decree.

      8. Defendant agrees to report to the EEOC within thirty (30) days of the effective date of this Consent Decree regarding its compliance with the arrangements set forth in paragraphs 3-7

above. All reports to the EEOC required by this Decree shall be sent to Robert A. Canino, Esq., Regional Attorney, 207 S. Houston Street, 3rd Floor, Dallas, Texas 75202.

9. Unless good cause shown, if Defendant fails to tender payment or otherwise fails to timely comply with the terms of paragraph 7 above, Defendant shall:

    a.    Pay interest at the rate calculated pursuant to 26 U.S.C. § 6621(b) on any untimely or unpaid amounts; and
Bear any additional costs incurred by the EEOC caused by the non-compliance or delay of the Defendant.

10. The parties agree to bear their own costs associated with this action, including attorneys' fees.

11. The parties have the right to specifically enforce the terms of this Decree. Nothing in this Consent Decree can preclude further actions by the EEOC or any other person to remedy any other alleged violations of Title VII by Defendant.

12. The effective date of this Decree shall be the date upon which it is signed for approval by the Court.

13. The term of this Decree shall be for one (1) year from the effective date. The Court shall retain jurisdiction to enforce the terms of this Decree.

14. It is further agreed and understood between the parties that this Agreement is entered into voluntarily by both parties, and that the payment and benefits conferred herein are not to be construed as admission of liability on the part of the persons, corporations and entities hereby released, by whom liability is expressly denied.

APPROVED AS TO FORM AND CONTENT:

FOR THE PLAINTIFF,
       FOR THE DEFENDANT,
EQUAL EMPLOYMENT                  ALLIEDBARTON SECURITY
OPPORTUNITY COMMISSION:          SERVICES, LLC.:


**/S/**_____       **/S/**_____
Robert A. Canino,                             Deborah T. Pecci, Attorney
Regional Attorney                            Vice President and Deputy General Counsel
OK State Bar No. 011782               PA State Bar No. 63737


U.S. Equal Employment Opportunity      AlliedBarton Security Services, LLC
Commission                                        3606 Horizon Drive
Dallas District Office                          King of Prussia, Pennsylvania 19406
207 S. Houston Street – 3rd Floor        Ph. (610) 239-1168
Dallas, Texas 75202                         e-mail: deborah.pecci@alliedbarton.com
Ph. (214) 253-2750
e-mail: robert.canino@eeoc.gov          and

                                                      Jonathan D. Loegel, Attorney
                                                      GA State Bar No. 755706
                                                      Martenson Hasbrouck & Simon LLP
                                                      3379 Peachtree Rd., Suite 400
                                                      Atlanta, Georgia 30326
                                                      Ph. (404) 909-8110
                                                      e-mail: jloegel@martensonlaw.com


       SO ORDERED, ADJUDGED AND DECREED this 19th day of March, 2007.


                                                      _____
                                                      JORGE A. SOLIS
                                                      UNITED STATES DISTRICT JUDGE